UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TANBEER SINGH BRAR AND AMANDEEP KAUR BRAR,<br><br>Plaintiffs,<br><br>v.<br><br>PARGAT SINGH DHALIWAL, et al.<br><br>Defendants. | No. 1:21-cv-00162-DAD-JLT<br><br>ORDER *SUA SPONTE* DISMISSING ACTION FOR LACK OF SUBJECT MATTER JURISDICTION |

On February 10, 2021, plaintiffs filed the pending *pro se* action, as well as moved for a temporary restraining order and other relief. (Doc. Nos. 1–7.) The court reviewed the complaint in conjunction with its review of the motion for a temporary restraining order. Plaintiffs allege that this court has subject matter jurisdiction over their claims based on diversity of citizenship pursuant to 28 U.S.C. § 1332. (*See, e.g.*, Doc. No. 2.) However, plaintiffs' subject matter jurisdiction allegations are facially deficient because it appears all of the parties are residents of California.

"Federal courts are courts of limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). "[S]ubject matter jurisdiction of the district court is not a waivable matter and may be raised at anytime by one of the parties, by motion or in the responsive pleadings, or *sua sponte* by the trial or reviewing court." *Emrich v. Touche Ross &*

1

*Co.*, 846 F.2d 1190, 1194 n.2 (9th Cir. 1988); *see also Henderson ex rel. Henderson v. Shinseki*, 562 U.S. 428, 434–35 (2011) (noting objections to subject matter jurisdiction may be raised post-trial). "It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Kokkonen*, 511 U.S. at 377 (internal citation omitted).

Under 28 U.S.C. § 1332, federal courts have jurisdiction on the basis of diversity of citizenship if the matter is between citizens of different states or nations and the amount in controversy exceeds $75,000.[1] In the complaint, plaintiffs allege that they are residents of Bakersfield, California (Doc. No. 1 at 1) and that each of the defendants are also residents of California. (*Id*. at 2.) In a diversity of citizenship case, no defendant may be a citizen of the same state as any plaintiff. Plaintiff Amandeep Kaur Brar was previously advised of this requirement by the undersigned in her previous case, *Brar v. Dhawila*, 1:21-cv-00069-DAD-JLT, which was dismissed for lack of subject matter jurisdiction on January 29, 2021.

Plaintiffs' jurisdictional allegations are facially deficient because plaintiffs and defendants are all residents of California. Thus, this court does not have subject matter jurisdiction over the pending action, and this case must be dismissed. Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.")

/////

---

[1] In fact, the form complaint that plaintiff utilized provides the following explanation and direction:
> Federal Courts are courts of courts of limited jurisdiction (limited power). Generally, only two types of cases can be heard in Federal Court: cases involving a federal question and cases involving diversity of citizenship of the parties. Under 28 U.S.C. § 1331, a case arising under the United States Constitution or federal laws or treaties is a federal question case. Under 28 U.S.C. § 1332, a case in which a citizen of one state sues a citizen of another state or nation and the amount at stake is more than $75,000 is a diversity of citizenship case. In a diversity of citizenship case, no defendant may be the citizen of the same state as any plaintiff.

(*Id.* at 3.) The civil cover sheet provides similar instructions. (*See* Doc. No. 2.)

1      This court's order dismissing plaintiffs' action does not foreclose the ability of plaintiffs
2  to seek relief in another court, such as a California state court, if they believes it to be appropriate
3  to do so, but only prohibits them from prosecuting this action and seeking relief in federal court.
4      Accordingly:
5      1.   This action is dismissed, without prejudice, due to lack of subject matter
6           jurisdiction; and
7      2.   The Clerk of the Court is directed to close this case.
8  IT IS SO ORDERED.
9      Dated:  **February 12, 2021**            *Dale A. Drozd*
10                                      UNITED STATES DISTRICT JUDGE