UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TANBEER SINGH BRAR AND AMANDEEP KAUR BRAR,<br><br>Plaintiffs,<br><br>v.<br><br>PARGAT SINGH DHALIWAL, et al.<br><br>Defendants. | No. 1:21-cv-00162-DAD-JLT<br><br>ORDER DENYING MOTION TO REOPEN<br><br>(Doc. No. 12) |

Before the court is *pro se* plaintiffs' motion to reopen this closed action filed on February 22, 2021. (Doc. No. 12.) The court dismissed this case *sua sponte* on February 16, 2021 due to lack of subject matter jurisdiction. (Doc. No. 9.)

In their motion, plaintiffs request that the court reopen this matter because they are asserting federal question jurisdiction and not diversity jurisdiction, as mistakenly indicated on their form complaint (Doc. No. 1 at 3). (Doc. No. 12 at 2.)

As the court has advised plaintiffs previously, "[f]ederal courts are courts of limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). "[S]ubject matter jurisdiction of the district court is not a waivable matter and may be raised at anytime by one of the parties, by motion or in the responsive pleadings, or *sua sponte* by the trial or reviewing court." *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1194 n.2 (9th Cir. 1988); *see*

1

*also Henderson ex rel. Henderson v. Shinseki*, 562 U.S. 428, 434–35 (2011) (noting objections to subject matter jurisdiction may be raised post-trial). This means that federal courts may not hear every case brought before them. To avoid any misunderstanding, this dismissal is not related to how plaintiffs have presented their claims, nor is it due to any formatting issues. Federal courts are limited to what they are able to hear, and this case does not meet the subject matter requirements to be heard in federal court.

Federal question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *California v. United States*, 215 F.3d 1005, 1014 (9th Cir. 2000). District courts have "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. An action "arises under" federal law pursuant to § 1331 if the cause of action (i) is created by federal law, or (ii) necessarily requires resolution of a substantial question of federal law. *See Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 314 (2005); *see also Empire Healthchoice Assurance, Inc. v. McVeigh*, 547 U.S. 677, 699 (2006). Federal question jurisdiction may also exist if a claim necessarily requires resolution of a substantial question of federal law. *Peabody Coal Co. v. Navajo Nation*, 373 F.3d 945, 949 (9th Cir. 2004).

Before issuing the *sua sponte* dismissal, the court reviewed the complaint and initiating documents filed in this action and determined that there was no jurisdiction based on what was alleged therein – neither diversity nor federal question jurisdiction. The causes of action brought by plaintiffs in this case are plainly based on state law, and there is no argument that substantial questions of federal law are implicated by those causes of action. Therefore, there is no federal question jurisdiction.

Because there is no federal question appearing in plaintiffs' complaint, the court will deny plaintiff's motion to reopen this case. Again, this court's order dismissing plaintiffs' action does not foreclose the ability of plaintiffs to seek relief in ***another*** court, such as a California state court, if they believe it to be appropriate to do so, but only prohibits them from prosecuting this action and seeking relief in ***federal*** court.

Accordingly,

1. Plaintiff's motion to reopen this closed case (Doc. No. 12) is denied;
2. This case shall remain closed; and
3. No further filings will be entertained in this closed case.

IT IS SO ORDERED.

Dated: **February 25, 2021**

_____
UNITED STATES DISTRICT JUDGE