1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

TANBEER SINGH BRAR AND
AMANDEEP KAUR BRAR,

   Plaintiffs,

  v.

PARGAT SINGH DHALIWAL, et al.,

   Defendants.

No. 1:21-cv-00162-DAD-JLT

ORDER DENYING SECOND MOTION TO REOPEN

(Doc. No. 14)

   Before the court is *pro se* plaintiffs' second motion to reopen this closed action filed on March 2, 2021. (Doc. No. 14.) The court dismissed this case *sua sponte* on February 16, 2021 due to lack of subject matter jurisdiction. (Doc. No. 9.)

   In the pending motion to reopen, plaintiffs request that the court review their complaint and determine what jurisdictional basis would permit this action to be brought in federal court and allow this action to proceed on that basis. (Doc. No. 14 at 2.)

   The court cannot do so. Federal courts may not hear every case brought before them. As the court has advised plaintiffs previously, "[f]ederal courts are courts of limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). This means that federal courts are limited to what they are able to hear, and this case does not meet the subject matter requirements to be heard in federal court. If plaintiffs believe it to be appropriate to do so, they

1

make seek relief in *another* court, such as a Superior Court of the State of California, but they are prohibited from prosecuting this action and seeking relief in *federal* court because this court does not have jurisdiction over the claims they are attempting to present.

Accordingly,

1.      Plaintiff's second motion to reopen this closed case (Doc. No. 14) is denied;

2.      This case shall remain closed; and

3.      No further filings will be entertained in this closed case.

IT IS SO ORDERED.

Dated:   __**March 4, 2021**__                    _____

UNITED STATES DISTRICT JUDGE